### 32453. PRICE v. THE STATE.

NICHOLS, Chief Justice.

This case is before this court on grant of an application for certiorari to review a decision of the Court of Appeals. See *Price v. State,* 142 Ga. App. 120 (235 SE2d 387) (1977). That decision held that the defendant's right to confrontation was not jeopardized by testimony of a police officer concerning statements which were made by a suspect arrested with the defendant and which implicated the defendant in the crimes charged in the indictment. The co-suspect was neither tried with the defendant nor called to testify at the defendant's trial.

The defendant was stopped by an officer of the Floyd County Police Department in the early morning hours of October 5, 1975 for driving without headlights. After the police escorted the defendant to a Hess service station in order to have his headlights repaired, they checked the premises which were near the place where appellant had

been originally stopped and found that one building, a Dari-King restaurant, had been entered. The Floyd County Police then proceeded to the Hess station where they arrested all occupants of appellant's car, to wit: the defendant, two males, Roy Robbins and Ricky Robbins, and a female, Deborah Baker.

Detective Henry Brooks, who testified at length for the state, conducted the investigation and interrogated the suspects. He testified that he questioned the defendant last, that he recorded the conversation on tape, and that he subsequently had it transcribed into written form. The transcribed interview with the defendant which Detective Brooks read into the record showed that the defendant admitted being with the three other suspects on the night in question.

Detective Brooks further testified, over objection and motion for mistrial by the defendant, that after the interview was over, he cut off the tape recorder and brought Roy Robbins into the room with the defendant, that Roy Robbins, in response to the detective's request and in front of the defendant, made a statement implicating the defendant as the primary actor in all of the burglaries, and that the defendant did not respond to this statement. The trial court ruled that the testimony was not hearsay because it was made in the presence of the defendant. The court also ruled that there was no violation of the defendant's Sixth Amendment right to confrontation. The jury convicted the defendant on five counts of burglary and one count of theft by taking.

In his application for certiorari the defendant contends that the Court of Appeals erred when it held that the testimony of Detective Brooks as to the statement made by Roy Robbins was not violative of the defendant's right of confrontation because it was made in front of the defendant. The defendant argues that Code Ann. § 38-414, and the Sixth Amendment to the United States Constitution require reversal of his conviction. We agree.

1. Code Ann. § 38-306 provides: "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

That Code section's allowance of hearsay evidence is

restricted by Code Ann. § 38-414 which provides: "[the] confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." Code § 38-306 has been construed as encompassing statements made by co-conspirators after the actual crime had been committed in an attempt to conceal the wrongdoing, as long as made during the pendency of the criminal project. *Pinion v. State,* 225 Ga. 36 (165 SE2d 708) (1969), held that "acts, doings and sayings of the co-conspirators" made before or after the crime are admissible as original evidence against all defendants so long as they are made before the evidence shows that the conspiracy has ended.

In *Hill v. State,* 232 Ga. 800, 803 (209 SE2d 153) (1974), this court held that Code Ann. § 38-414 prevented admission into evidence of a co-defendant's statement, through a police officer-witness because the statement, which was clearly in the nature of a confession, was made after all three suspects had been arrested and identified. In that case the police officer testified that he read the statement in the presence of the defendant and the co-defendant, that the defendant remained silent during this time and that when the co-defendant was taken out of the room, the defendant would not change her story. This court found that "[t]he fact of the choate crime had already been revealed to the authorities, and that there no longer remained any objects of the conspiracy to be furthered or accomplished. There was no showing of a conspiratorial scheme to hinder or mislead authorities or to obstruct their prosecution of the cases against the alleged co-conspirators. [The co-defendant's] statement was a mere narration of past events and cannot be said to have been made in the concealment of the conspiracy. [Cits.]"

Here, as in *Hill,* the statement of the co-defendant was made in front of the defendant. Here, as in *Hill,* the defendant had been arrested and the fact of the choate crime had been revealed. Finally, here, as in *Hill,* there was absolutely no showing by the state that a conspiracy to cover up the crime still existed. The criminal project was not still pending; it had been completed.

Accordingly, the introduction of the statements of Roy Robbins through the testimony of Detective Brooks

was in violation of Code Ann. § 38-414 and was error.

2. Aside from any statutory bar against introduction of Roy Robbins' hearsay statement into evidence, the use of this statement to show the defendant's involvement in the alleged crimes violates the defendant's Sixth Amendment right to confrontation.

While Dutton v. Evans, 400 U. S. 74 (1970) found that the introduction into evidence, via Code Ann. § 38-306, of an incriminating statement of a co-conspirator, which was made during the concealment phase of the conspiracy, did not violate the defendant's Sixth Amendment right to confrontation, this court feels that the Dutton decision must be limited to its facts. That Dutton should be so construed was also the notion of the United States Supreme Court when it said that: "[t]he Georgia statute can obviously have many applications consistent with the confrontation clause, we conclude that its application in the circumstances of this case did not violate the Constitution." Id. at 87-88.

The testimony objected to in *Dutton* was that of another prisoner who had allegedly talked to a co-conspirator and had heard him make a statement which purported to implicate the defendant. Nineteen other witnesses testified against the defendant. The court split 5-4, with one Justice concurring in the result.

The majority opinion distinguished Dutton from an earlier case, Douglas v. Alabama, 380 U. S. 415 (1965). The Douglas decision found the confrontation clause to be violated when a prosecutor read into evidence the confession of an accomplice who had refused to testify. The confession described the crime and implicated Douglas as the primary actor. The court called the Douglas decison a "flagrant violation of the defendant's right to confrontation." The court further noted that Dutton does not involve the use of a confession made in the coercive atmosphere of official interrogation, as did Douglas.

The facts of this case show that it is much more analogous to Douglas than to Dutton. Clearly, the introduction of Roy Robbins' statement which implicated the defendant violated the defendant's Sixth Amendment right to confrontation. The defendant had no opportunity to cross examine the witness regarding the veracity of his

statement.

Whether or not the introduction of Roy Robbins' statement was harmful error must now be examined based upon the applicable constitutional standard, i. e., whether the error was harmless beyond a reasonable doubt. Chapman v. California, 386 U. S. 18 (87 SC 824) (1967).

We have examined the record as it relates to the remaining counts affirmed by the Court of Appeals and must conclude that the error was not harmless beyond a reasonable doubt. Accordingly, the decision of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only. Marshall, J., disqualified.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*Fuller & Schiller, William M. Schiller,* for appellant.
*F. Larry Salmon, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.