## 55319. MILLER v. THE STATE.
## 55320. CHILDERS v. THE STATE.

SHULMAN, Judge.

Co-defendants, Miller and Childers, appeal from their respective convictions for attempted escape and aggravated assault. We affirm.

1. Miller appeals on the general grounds.

The police officer who was the alleged victim of the assault testified at trial. The officer testified that the assault occurred while he was transporting the co-defendants from the dentist's office back to their place of incarceration. According to the officer, the prisoners were sitting in the back seat of the police car and were handcuffed together. Miller put a knife to the neck of the officer and demanded that the car be pulled over. Childers reached for the officer's pistol. Thereupon, the officer deliberately steered the car off the road and into a deep ditch. A struggle ensued. The co-defendants raised their handcuffed hands over the officer's head and attempted to strangle the officer. The knife was knocked from Miller's hand. Miller and Childers had their hands on the gun, but could not get possession. Miller was screaming, "Cut his [the officer's] throat, cut the son of a bitch's throat." Childers was yelling, "Cut his head off . . . get the keys. . ."

Help soon arrived and the attempted escape was thwarted.

This testimony, alone, was sufficient to support the verdict.

2. Miller argues that the court erred in admitting his confession because, in counsel's words, ". . . it is possible that [a]ppellant was beaten and threatened . . . there was enough evidence at the trial for the judge to find that the confession was not voluntary." The statement was offered for the purpose of impeaching Miller's testimony at trial.

Arguably, the evidence may have authorized a different finding; it did not demand a contrary result, however. A Jackson-Denno hearing was conducted. "In a Jackson v. Denno (378 U.S. 368 (1964)) type hearing the presiding judge acts as the trier of fact and resolves the issues of truthfulness, credibility, etc. [Cit.] His decision will not be disturbed in the absence of obvious error, which does not exist in this case." *Ingram v. State,* 137 Ga. App. 412 (1), 413 (224 SE2d 527).

3. Childers made a motion to sever on the ground that the prosecution intended to introduce Miller's statement which incriminated Childers and which was not subject to cross examination. The denial of this motion is enumerated as error.

The trial court did not abuse its discretion in ordering a joint trial in this case. *Mathis v. State,* 231 Ga. 401 (3) (202 SE2d 73).

4. The officer testified that the dentist stated in his and Childers' presence, after an examination of Childers, that there was nothing wrong with Childers and that Childers only wanted a ride to the office. Childers contends that the admission of this testimony constituted reversible error.

This testimony was properly admitted. "A witness may testify as to what he saw and heard in the defendant's presence. [Cits.]" *Broome v. State,* 141 Ga. App. 538 (2) (233 SE2d 883).

*Price v. State,* 239 Ga. 439 (238 SE2d 24), cited by appellant, involved a co-defendant's statement in the nature of a confession offered in a form not subject to cross examination, thereby denying the defendant his constitutional right to confrontation. The dentist's

statement in the instant case does not resemble in any manner the statement in *Price.*

Its admission, in evidence, even without the dentist's presence at trial, does not require reversal on the grounds that defendant's constitutional rights of confrontation were violated.

*Judgments affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 31, 1978 — DECIDED APRIL 10, 1978.

*H. Robert Madray,* for Miller.
*Sliz & Rees, W. E. Rees,* for Childers.
*Bryant Huff, District Attorney, Steven L. Reed, William P. Rowe, Dawson Jackson, Assistant District Attorneys,* for appellee.