60661, 60662. WALKER v. THE STATE (two cases).

DEEN, Chief Judge.

Jerome Walker brings a pro se appeal in case no. 60661 and his attorney filed an appeal in case no. 60662 following his conviction of burglary. The pro se appeal is dismissed because an appeal has been filed by Walker's appointed counsel.

1. Appellant assigns as error the trial court's denial of his motion for entry of a judgment of acquittal because he had been placed in double jeopardy. His first trial commenced on December 3, 1979. After the jury had deliberated for some time it notified the court that it was deadlocked 6-6. The court recharged on reasonable doubt at the request of the jury. After another three hours, the court was notified that the jury was hopelessly deadlocked 7-5 and later stated that the deadlock was at 9-3 and could not make any further progress. The court then recharged the jury by giving the "Allen Charge" and recessed for the night. By mid-morning of the second day the jury was called in and the court inquired if a verdict had been reached. The foreman of the jury stated that they had reached an absolute impasse. The trial court then declared a mistrial.

Code Ann. § 2-115 provides: "No person shall be put in jeopardy of life or liberty more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." As in *Wood v. State,* 234 Ga. 758 (218 SE2d 47) (1975), this is a clear case of manifest necessity for the declaration of a mistrial. See also *Haynes v. State,* 245 Ga. 817 (268 SE2d 325) (1980). This enumeration is without merit.

2. Appellant further contends that the trial court erred in failing to grant a continuance to obtain a transcript of the previous trial. The record shows that appellant was informed when his first trial ended in a mistrial that he would be tried again as soon as possible. It was only when he appeared for his second trial that he requested a copy of the transcript to assist him. The trial court stated

that one was not available because he and the court reporter had been on trial continuously since the first trial. The judge indicated that he would consider a remedy if a specific need arose. During the examination of D. T. Freeman, a copy of the transcript was requested along with a continuance to procure it. The continuance was denied. No impeaching questions were asked. During the examination of T. R. Harvey, Jr. a request was made to review the prior testimony of the witness. The transcript was not available at that time. Later in the trial, the court offered to have a partial transcript prepared and kept both witnesses available. Counsel then reviewed the testimony of Freeman from both trials, and was permitted to make a statement to the jury as to his confusion in examining the witness. He was apparently referring to the wrong set of notes when he examined Freeman.

Code Ann. § 27-2401 provides in part: "In the event that a mistrial results from any cause in the trial of a defendant charged with the commission of a felony, the presiding judge may, in his discretion, either with or without any application of the defendant or State's counsel, direct that a brief or transcript of the testimony had in the case be duly filed by the court reporter in the office of the clerk of the superior court wherein such mistrial occurred." In Britt v. North Carolina, 404 U. S. 226 (92 SC 431, 30 LE2d 400) (1971), the Supreme Court held that as a matter of equal protection an indigent defendant must be provided with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal and the court rejected the suggestion that "counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial." 404 U. S. at 229, 92 SC at 434. Further, the defendant did not have to show a particularized need for the transcript of the first trial, since "it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in the preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses." 404 U. S. at 228, 92 SC at 434. In Britt, however, the Supreme Court held that the rule was not violated by the court's refusal to order a transcript since it appeared that the court reporter, who served at both trials, was a good friend of all the local lawyers of the small town where the trial had occurred and would at any time have read back to counsel his notes of the mistrial, prior to the second trial, if counsel had made an informal request. In United States v. Germany, 613 F2d 262 (1979) and United States ex rel. Wilson v. McMann, 408 F2d 896 (1969), the requests for a transcript were made well in advance of the second trial.

In *Burnett v. State,* 240 Ga. 681 (242 SE2d 79) (1978) counsel filed a motion for a continuance at trial so that he could obtain a copy

of the trial transcripts to assist in his representation of the appellant. The Georgia Supreme Court held: "Such motions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion. [Cits.]" *Burnett v. State,* supra, at 684. We find no abuse of the trial court's discretion. Indeed, the court attempted to assist counsel and declared a long recess so the court reporter could have access to the computer in order to obtain certain desired testimony.

*Case no. 60661 is dismissed. Judgment affirmed in case no. 60662. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 28, 1980. REHEARING DENIED NOVEMBER 17, 1980 IN CASE NO. 60662 —

Jerome Walker, *pro se* (case no. 60661).
*J. Thomas Chason,* for appellant (case no. 60662).
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.