## 64401. POWERS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of burglary. *Held:*

1. The defendant contends that the court erred in refusing to allow him to act as co-counsel with his attorney. This enumeration of error is without merit. The transcript shows that after making this request and discussing it with the trial court, the defendant abandoned it, invoking no ruling for our review.

2. The defendant was originally tried with a co-defendant, but that trial ended with the grant of the defendant's motion for mistrial. He contends that the trial court erred in refusing to require that a transcript of the first trial be furnished to him for use at the second.

The first trial was concluded on October 1, 1981, and defendant's request for the transcript was made on the eve of his second trial, which began on October 8. It is clear from the transcript that the same court reporter was employed at both trials and that the record of the first trial had not been transcribed by the time the second trial began. Code Ann. § 27-2401 provides that "[i]n the event that a mistrial results from any cause in the trial of a defendant charged with the commission of a felony, the presiding judge may, in his discretion, either with or without any application of the defendant or state's counsel, direct that a brief or transcript of the testimony had in the case be duly filed by the court reporter in the office of the clerk of the superior court wherein such mistrial occurred." The trial court in denying the request for the transcript noted that the court reporter's notes from the first trial were available should they be needed; however, there is no indication that they were ever requested. We find no abuse of the trial court's discretion. Accord Britt v. N. Carolina, 404 U. S. 226 (92 SC 431, 30 LE2d 400) (1971); *Walker v. State,* 156 Ga. App. 478 (2) (274 SE2d 680) (1980).

3. The defendant moved for a mistrial when a state's witness testified on direct examination that he had provided Miranda

warnings to the co-defendant prior to questioning her. The jury was excused, and after some discussion the trial court denied the motion for mistrial, ruling that the witness would not be allowed to testify regarding any statements made by the co-defendant. However, after the jury returned, the witness resumed his testimony and was allowed to state over objection that the co-defendant had pointed out to him the houses that she and the defendant had burglarized and that she also told him of two houses "she had done alone." This testimony violated the rule against allowing the confession of a co-accused who is not present and available for cross-examination. See Code Ann. § 38-414. See also *Price v. State,* 239 Ga. 439 (1) (238 SE2d 24) (1977); *Hill v. State,* 232 Ga. 800 (1) (209 SE2d 153) (1974). We reject the state's contention that the statement was admissible to explain conduct under the provisions of Code Ann. § 38-302. The statement explained no conduct on the part of the officer which was relevant to the issues being tried. The error was not harmless beyond a reasonable doubt, and the defendant's conviction must accordingly be reversed.

We have examined the other enumerations of error and find them to be without merit.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1982—
REHEARING DENIED OCTOBER 7, 1982.

*James R. Dollar, Jr.,* for appellant.
*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.