## 66552. POWERS v. THE STATE.

CARLEY, Judge.

In *Powers v. State,* 163 Ga. App. 770 (294 SE2d 555) (1982), appellant's burglary conviction was reversed. Appellant was retried and again found guilty. The instant appeal is from that conviction. Both appellant and his counsel have filed briefs arguing several enumerations of error.

1. Both appellant and his counsel raise the general grounds. A co-defendant with whom appellant was originally tried testified in the trial of the instant case. See *Powers v. State,* supra at 770 (2). The former co-defendant's testimony, which was sufficiently corroborated, clearly established that appellant had committed the crime of burglary. Under these circumstances, "the evidence was sufficient to enable any rational trier of fact to find defendant guilty of burglary beyond a reasonable doubt. [Cit.]" *Harris v. State,* 165 Ga. App. 186, 187 (299 SE2d 393) (1983).

Appellant asserts that the testimony of his former co-defendant and of other state's witnesses consisted of "lies, contradictions, perjuries, impeachments and deals. . ." The "deal" that the former co-defendant had made with the state in exchange for her testimony was before the jury. See *Howell v. State,* 163 Ga. App. 445 (295 SE2d 329) (1982). Also, the contradictions between the former co-defendant's previous testimony and that given in the instant trial were brought out. All of the state's witnesses were subject to a thorough and sifting cross-examination. The credibility of the witnesses and the weight to be given their testimony were questions for the jury. See *Johnson v. State,* 157 Ga. App. 155, 157 (276 SE2d 667) (1981). The evidence was sufficient to authorize appellant's conviction.

2. Both appellant and his counsel predicate assertions of error upon certain statements made by the trial court. Appellant contends that these statements by the trial court were comments violative of OCGA § 17-8-55 (Code Ann. § 81-1104). Appellant's counsel asserts that it was error to fail to grant a mistrial after the comments were made.

In point of fact, all but one of the comments of the trial court to which we have been cited were made outside the presence of the jury. See *Jackson v. State,* 154 Ga. App. 367, 369 (268 SE2d 418) (1980). The one comment that was made in the presence of the jury was addressed to appellant in his capacity as co-counsel in his own defense. By this comment, the trial court merely informed appellant that he could not make speeches while ostensibly cross-examining a state's witness and that he should limit himself to asking questions.

There was nothing violative of OCGA § 17-8-55 (Code Ann. § 81-1104) in such a comment by the trial court. See *Moret v. State,* 246 Ga. 5 (2) (268 SE2d 635) (1980). Moreover, no motion for mistrial was made after any of the trial court's comments. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978). There was no error.

3. Appellant asserts that he was deprived of his state constitutional right of self-representation because he was not allowed to conduct the examination of the witnesses at trial. See Art. I, Sec. I, Par. IX of the Georgia Constitution of 1976 (Code Ann. § 2-109).

The record does not demonstrate that appellant was absolutely denied the right of self-representation from the very outset of the trial. Compare *Burney v. State,* 244 Ga. 33, 35 (2) (257 SE2d 543) (1979); *Moody v. State,* 153 Ga. App. 866 (267 SE2d 291) (1980); *Jackson v. State,* 149 Ga. App. 496 (254 SE2d 739) (1979); *Loomis v. State,* 78 Ga. App. 153, 160 (6) (51 SE2d 13) (1948). Indeed, appellant was originally permitted to serve as co-counsel with his appointed attorney as lead defense counsel. In his capacity as co-counsel, appellant was allowed to conduct the cross-examination of a witness for the state. As noted above, during the course of that cross-examination, the trial court was required to admonish appellant that he should refrain from making speeches and should limit himself to questioning the witness. Thereafter, during the redirect examination of the witness, appellant interrupted, not to raise an objection, but to make another statement in his own defense. From that point on, the trial court required that lead counsel, rather than appellant, conduct the examination of the witnesses and that appellant's participation in that regard be limited to conferring with lead counsel.

The fact that the trial court required lead counsel to conduct the examination of the witnesses does not evince a denial of appellant's right of self-representation. "The cases have held that the trial court retains the inherent power to regulate, in its discretion, the manner in which the constitutional right of self-representation will be exercised. [Cits.] As [the] cases show, the trial court possesses ample authority to ensure that the trial proceeds in an orderly and decorous manner without infringing upon the defendant's constitutional right to represent himself. Where the defendant does have counsel to represent him, the trial court can require the examination and cross-examination of witnesses to be conducted by one counsel only . . . [Cits.] The trial court can require leading counsel to be appointed and leading counsel can be required to conduct other aspects of the case. . . [Cits.]" *Burney v. State,* supra at 36-37.

The record in the instant case demonstrates no deprivation of the right of self-representation. Compare *Burney v. State,* supra;

*Moody v. State,* supra; *Jackson v. State,* supra. It demonstrates the trial court's valid exercise of its discretion in directing that lead defense counsel, rather than appellant, conduct the examination of the witness so that the case could proceed in an orderly and decorous manner. See *Roberts v. State,* 14 Ga. 18 (1853); *Moyers v. State,* 61 Ga. App. 324, 328 (3) (6 SE2d 438) (1939). "Where a party is represented by counsel it is a matter within the sound discretion of the trial judge upon timely request as to whether such party may or may not conduct part or all of the cause. Such limitation does not violate the constitutional right of an individual to defend himself." *Heard v. State,* 126 Ga. App. 62, 65 (189 SE2d 895) (1972). If the trial court has the discretion to allow appellant, as well as lead counsel, to conduct the examination of witnesses, the trial court should have the discretion to return that responsibility to lead counsel when, in its judgment, to do otherwise would result in a forfeiture of an orderly and decorous proceeding. "Here the trial judge did not abuse his discretion as shown by the circumstances confronting him during the trial." *Hiatt v. State,* 144 Ga. App. 298, 300 (240 SE2d 894) (1977).

4. Appellant enumerates as error the refusal to give the following requested charge: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other of innocence the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." We find no error in failing to give this "two theories" charge under the facts of the instant case. See *Thompson v. State,* 154 Ga. App. 704, 706-707 (269 SE2d 474) (1980).

5. Appellant also enumerates as error the giving of a charge on flight. It is not urged that the charge was an erroneous statement of the law, only that it was not authorized by the evidence. "Evidence that an accused fled when seeing a police officer who he thought might want to arrest him is admissible. [Cit.]" *Johnson v. State,* 148 Ga. App. 702 (252 SE2d 205) (1979). The evidence authorized a charge on flight. *McKisic v. State,* 238 Ga. 644, 646 (3) (234 SE2d 908) (1977).

6. Appellant's final enumeration of error contests the charge given to the jury after they had been deliberating for some period without reaching a verdict. The charge was not erroneous. *Stone v. State* 132 Ga. App. 703, 707 (3c) (209 SE2d 121) (1974).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 27, 1983.

*James R. Dollar, Jr.,* for appellant.
John J. Powers, *pro se.*

*Frank C. Winn, District Attorney,* for appellee.