### 67527. MOORE v. THE STATE.

POPE, Judge.
John H. Moore brings this appeal from his conviction of four counts of child molestation. *Held*:

1. Appellant enumerates as error several grounds relating to the trial court's denial of his motion for continuance. He first argues that he did not receive a copy of indictment No. 083-0963 (one of three indictments upon which he was tried) until the afternoon of the day

before his trial, even though he had made proper demands for a copy of the indictments and for a list of witnesses against him. In support of this argument, he cites on appeal the trial court's Local Rule IX and OCGA §§ 17-7-91 and 110. As to Local Rule IX, appellant's failure to make said rule a part of the record in this case precludes our review of any alleged violation thereof. See *Lackey v. DeKalb County*, 156 Ga. App. 309 (2) (274 SE2d 705) (1980). Also, we will not address for the first time on appeal the alleged violation of OCGA § 17-7-91 since the record discloses no such objection to the indictment at trial. See *State v. Smith*, 164 Ga. App. 142 (1) (296 SE2d 141) (1982).

As to appellant's arguments relating to OCGA § 17-7-110, the record discloses that appellant's first trial on the four counts of child molestation ended in a mistrial. Indictment No. 083-0963 was, in effect, a re-indictment of one of the previous counts, the apparent purpose of which was to change the date the crime was alleged to have occurred. The record shows that appellant received a copy of indictment No. 083-0963 prior to his arraignment thereon, in compliance with OCGA § 17-7-110. As to the demand for a list of witnesses, appellant's objection seems to be that he was not supplied with such a list as to only indictment No. 083-0963. However, the record shows no written demand for such a list under this indictment. Moreover, the witnesses called to testify as to this indictment were the same as those whose names had been supplied to appellant as to the earlier indictment. These circumstances do not constitute reversible error. See *Upton v. State*, 128 Ga. App. 547 (3) (197 SE2d 478) (1973).

Appellant's remaining ground for a continuance was premised upon the fact that he did not receive a copy of the transcript of his first trial (which had ended in a mistrial) until the eve of his second trial. Appellant filed a motion requesting the transcript approximately two weeks after his first trial and approximately three weeks before the second trial. However, the transcript of the hearing on this matter (conducted immediately preceding the second trial) shows that the custom and practice in the Eastern Judicial Circuit is to request a copy of a trial transcript from the court administrator's office. No such request was made in this case. The district attorney's office was informed that appellant did not have a copy of the transcript of the first trial on the eve of the second trial and provided a copy to appellant at that time. Although a jury was selected on the first day of trial, the trial court, at appellant's behest, postponed the taking of testimony until the next day in order to give appellant additional time to review the transcript. Appellant requested a further continuance, which was denied. "Such motions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will

not be interfered with unless the court has abused its discretion in denying the motion. [Cits.]" *Burnett v. State*, 240 Ga. 681, 684 (242 SE2d 79) (1978). We find no abuse of discretion in this case. See *Powers v. State*, 163 Ga. App. 770 (2) (294 SE2d 555) (1982); *Walker v. State*, 156 Ga. App. 478 (2) (274 SE2d 680) (1980).

The trial court did not err in denying appellant's motion for continuance for any reason assigned.

2. The issue next raised by appellant — the admission of evidence of other, uncharged incidents of sexual misconduct by appellant — has been decided adversely to him by *Phelps v. State*, 158 Ga. App. 219 (2) (279 SE2d 513) (1981), and its progeny.

3. We find no abuse of discretion in the trial court's denial of appellant's motion for bond pending appeal. See generally *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 19, 1984.

*Michael K. Gardner*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *David T. Lock*, Assistant District Attorney, for appellee.