## 70731. SELLERS v. THE STATE.
### (337 SE2d 373)

SOGNIER, Judge.

Sellers appeals from his conviction of aggravated assault on a peace officer engaged in performance of his official duties, obstruction of a law enforcement officer in the lawful performance of his official duties, and pimping.

1. Appellant contends the evidence is insufficient to support his conviction of pimping, as there is a fatal variance between the allegation and the proof. The evidence disclosed that on the evening of January 4, 1984 three undercover police officers investigating prostitution on I-75 traced a woman's voice on a CB radio soliciting sex for money to a rest stop north of Marietta, Georgia. After parking in the rest stop Charles Wood, one of the officers, observed a woman later identified as Tammy Nettles leave appellant's van and enter the cab of an "18-wheeler." A few minutes later Nettles exited the truck, approached Wood and offered to engage in an act of prostitution with him. Nettles returned to appellant's van, contacted Wood on the CB, and told him to move his van in front of appellant's van. Wood did so and appellant approached Wood and asked if he was the "heat" (police), as appellant wanted to protect the girls from being arrested. After talking a few minutes appellant was obviously nervous and stated, "[l]et's just call it off." Appellant returned to his van and Wood and another officer decided to arrest appellant. As they approached appellant's van with guns drawn they identified themselves as police officers. Appellant drove off at a high rate of speed, firing a shot at one of the officers. Appellant was apprehended in his van a short time later by other police officers who had been alerted to arrest appellant if possible.

OCGA § 16-6-11 provides: "A person commits the offense of

pimping when he performs any of the following acts: (1) Offers or agrees to procure a prostitute for another." It is apparent from the evidence that appellant approached Wood in his van not only to see if Wood was the "heat," but to negotiate with Wood about procuring Tammy Nettles' services as a prostitute. This is clear from appellant's statement to "just call it off." This statement could only refer to an offer or agreement to procure Nettles to engage in an act of prostitution with Wood. Such evidence, though circumstantial, is sufficient to establish that appellant committed the offense of pimping, as charged. If the jury is authorized to find that the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by an appellate court unless the verdict is insupportable as a matter of law. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). The verdict in the instant case is not insupportable as a matter of law, and the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to admit a photo album found in appellant's van into evidence because it was not relevant to any charge against him. Although the album is not attached to the record or transcript, testimony indicated that the album contained nude photographs of Tammy Nettles, appellant, and other men and women, some of them in sexually explicit poses. The album was admitted into evidence, over objection, on the ground that it had some bearing on the charge of pimping. While the relevance of such evidence might be doubtful, where the admissibility of evidence is doubtful it should be admitted, and its weight and effect should be left to the jury. *Felker v. State*, 144 Ga. App. 458, 459 (2) (241 SE2d 576) (1978). In the instant case the album itself was merely cumulative of appellant's testimony describing its contents, as he freely identified various photographs in the album as nude photographs of himself, Nettles and other women, and testified as to where the photographs were taken. Thus, if there was error in admitting the album into evidence such error was harmless. *Gunter v. State*, 243 Ga. 651, 658 (5) (256 SE2d 341) (1979).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 16, 1985 —
REHEARING DENIED NOVEMBER 1, 1985 — ▮▮▮▮▮▮▮▮

*John Allen Hildebrand, Diana L. Whipkey,* for appellant.
*Thomas J. Charron, District Attorney, James T. Martin, Assis-*

*tant District Attorney*, for appellee.