## 71246. BANKS v. THE STATE.
(341 SE2d 859)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of being a "peeping Tom."

*Held*:

1. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal. The State's evidence shows that the arresting officers were dispatched by radio at about 11:15 or 11:20 p.m. to an apartment complex to investigate a report of a "peeping Tom." At the apartment complex, defendant was observed looking into the back window of an apartment. Defendant was near the window (about three feet away) and standing in a sort of bent over position. Officers observed the defendant for two or three minutes prior to disclosing their presence and arresting defendant. The curtain on the window in question was open about 10 inches and the woman of the house, dressed in a nightgown and sitting on a couch watching television, had been visible through the window at the time the officers had observed defendant looking through the window.

Defendant contends that there is no evidence of the requisite intent to spy upon or invade the privacy of another. Defendant presented evidence that he was at the apartments looking for his wife after having found a note on the windshield of his van indicating that she was there (according to defendant's evidence he did not at that time know who had written the note or at which apartment to inquire for his wife. There was evidence that he made inquiries at several

apartments prior to his arrest). Defendant testified that at the time of his arrest he was standing six to eight feet from the building and was not looking in the window.

The weight of the evidence and credibility of witnesses are questions for the trier of fact. *Powers v. State*, 168 Ga. App. 642 (1) (310 SE2d 260). A rational trier of fact could find from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt of the offense of being a "peeping Tom." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Brown v. State*, 176 Ga. App. 692 (1) (337 SE2d 446); *Sellers v. State*, 176 Ga. App. 681, 682 (1) (337 SE2d 373).

2. During the cross-examination of one of the arresting officers, defendant elicited testimony that during the course of his investigation the officer had looked through the window, not to look at the lady, but in order to observe the crime scene and to report it accurately. Defense counsel then asked, "All right, sir. So that means that you're not guilty of being a peeping tom?" The prosecuting attorney's objection to the relevance of the question was sustained and defendant now enumerates as error the trial court's sustaining of the State's objection.

"Every party has the right to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, the trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused. *Clifton v. State*, 187 Ga. 502 (4) (2 SE2d 102) (1939); *McClure v. State*, 163 Ga. App. 236 (4) (293 SE2d 496) (1982)." *Fowler v. State*, 171 Ga. App. 491, 493 (2) (320 SE2d 219). Since the officer's guilt or innocence of the offense of "peeping Tom" was not an issue in the case sub judice, the trial court did not abuse its discretion in curtailing defendant's cross-examination of the witness.

3. Defendant enumerates as error the trial court's failure to give two requested charges, arguing that due to the omission of these charges the trial court failed to adequately instruct the jury as to the intent necessary to constitute the offense of "peeping Tom." The trial court charged that, "specific intent is an essential element of the crime of peeping Tom, in that it must appear that the accused was on or about the premises of another for the purpose, that is, the intention of spying or invading the privacy of another or of doing acts which tend to invade the privacy of another." See *Davis v. State*, 115 Ga. App. 338 (154 SE2d 462). This was a correct charge justified by the evidence in the case. There is no error in failing to use the exact language of a requested charge when the relevant principles are stated in the charge given. *Ennis v. State*, 249 Ga. 222, 223 (3) (290

SE2d 50). Furthermore, defendant's requested charges were not adjusted to the evidence. *Chafin v. State*, 246 Ga. 709, 716 (10) (273 SE2d 147). This enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 3, 1986 —
REHEARING DENIED FEBRUARY 27, 1986 — 

*William O. Cox*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.