## 71220. SMITH v. THE STATE.
### (341 SE2d 901)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of violation of the Georgia Controlled Substances Act, selling cocaine and selling marijuana. *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence. The State's evidence shows that two undercover officers were seeking to make drug buys. The officers encountered an individual named Postell, who accompanied them to a nightclub. One of the officers, Jackson, testified that, outside the nightclub he observed defendant hand the "tin foil" and "manila envelope" containing the cocaine and marijuana to Postell. Furthermore, Officer Jackson testified that Postell brought the packets over to him, that he handed a quantity of currency to Postell, and that Postell handed the money to defendant. The second officer testified that Postell walked over and spoke to defendant, then Postell returned to the officers with the drugs and took the money which he handed to defendant. (This second officer did not observe defendant handing the drug packets to Postell.) Postell testified that the drugs and money were exchanged directly between the officers and defendant and that he did not handle either.

Defendant, relying upon his attempt to impeach Officer Jackson (who testified that he saw defendant hand the drugs to Postell) by proof of conviction of a crime involving moral turpitude, argues that the second officer's testimony was not alone sufficient to convict and that he must have been convicted on the uncorroborated testimony of his accomplice Postell. The credit to be given Officer Jackson's testimony was for the jury. It was within the power and right of the jury to believe the first officer despite the attempt to impeach him. OCGA § 24-9-85 (a). *Hayes v. State*, 168 Ga. App. 710 (1) (309 SE2d 843). Therefore, the supposition upon which defendant's argument is predicated, that the jury could not have believed Officer Jackson, is incorrect.

The evidence presented at trial was sufficient to enable any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Sanborn v. State*, 176 Ga. App. 259, 260 (3) (335 SE2d 719).

2. Defendant's second enumeration of error alleges that the trial court erroneously restricted his cross-examination of Officer Jackson concerning the reasons for many of the officer's cases having been dismissed. At trial defense counsel argued, based on a newspaper article, that more than one-half of Officer Jackson's cases had been dismissed "because of very real doubts that the district attorney's office has . . .

about [Officer] Jackson's credibility." However, Officer Jackson was not competent to testify as to the reasons for any action taken by the district attorney's office in connection with his cases. *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 274 (5) (329 SE2d 900). Therefore, there was no error in curtailing the cross-examination of Officer Jackson as to such matters.

3. "During final argument the [assistant] district attorney did not mention the defendant's failure to testify, but remarked several times that the defendant had presented no evidence. This was not error. *Bryant v. State*, 146 Ga. App. 43 (1) (245 SE2d 333)." *Hall v. State*, 163 Ga. App. 515, 517 (4) (295 SE2d 194).

4. Defendant contends the trial court erred in charging the jury irrelevant parts of the statute defining the offenses charged. The trial court charged the entire statute proscribing the possession, manufacture, delivery, distribution, dispensing, administering, selling or possessing of cocaine or marijuana. "It is not usually cause for new trial that an entire Code section is given . . . This is so even though a part of the charge may be inapplicable under the facts in evidence." *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813). See *Mullis v. State*, 248 Ga. 338, 340 (6) (282 SE2d 334). When viewed in the context of the full charge of the court we do not find this charge misleading. See also *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86). This enumeration is without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 24, 1986.

*Richard J. Joseph, J. Converse Bright,* for appellant.
*H. Lamar Cole, District Attorney, Gregory R. Jacobs, Assistant District Attorney,* for appellee.