73906. BYRD v. THE STATE.
(355 SE2d 773)

McMURRAY, Presiding Judge.

Via a three-count indictment, defendant was charged with selling marijuana to Mary Jackson (Count 1), selling marijuana to Phillip Ellington (Count 2) and selling cocaine to Phillip Ellington (Count 3). Following a trial by jury, defendant was acquitted upon Count 1 and

convicted upon Counts 2 and 3. He was sentenced to serve 5 years on Count 2 and 10 years on Count 3 and now appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred by failing to dismiss the indictment because he was not furnished with a complete copy of the indictment pursuant to OCGA § 17-7-110. In this regard, defendant points out that (1) Count 1 of the indictment was not attached to the copy which defendant was furnished and that (2) the names of the grand jurors who found the indictment did not appear on defendant's copy of the indictment.

We can perceive no resultant harm to defendant. He has not demonstrated that he was surprised by Count 1 of the indictment and he has not shown how he was prejudiced by the absence of the names of the grand jurors from his copy of the indictment. "Code § 27-1403 [OCGA § 17-7-110] traditionally has not been interpreted narrowly, but has been construed to accomplish its purpose of giving accurate, timely notice. *Newman v. State*, 237 Ga. 376, 381 (228 SE2d 790). Moreover, the doctrine of harmless error is applicable to flaws in the prosecution's compliance with the statute. *Clark v. State*, 138 Ga. App. 266 (226 SE2d 89). Assuming arguendo that there may have been a technical violation of the spirit of the statute, appellant has shown no resultant and inevitable prejudice . . . It is an old and sound rule that error to be reversible must be harmful. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741)." *Rutledge v. State*, 152 Ga. App. 755, 756 (264 SE2d 244). See also *Moore v. State*, 170 Ga. App. 709 (318 SE2d 181). Defendant's first enumeration of error is without merit.

2. Defendant contends the trial court improperly interfered with his cross-examination of prosecution witness Mary Jackson. The witness testified that defendant sold her a quantity of marijuana on February 5, 1986. Count 1 of the indictment (selling marijuana to Mary Jackson) was predicated upon the witness' testimony. Defendant asserts that in cross-examining Mary Jackson he should have been permitted to probe deeper into her motivation to testify against him.

In view of defendant's acquittal upon Count 1 of the indictment, it is clear that an infringement, if any, of defendant's right to cross-examine Mary Jackson was not prejudicial. *Edwards v. State*, 176 Ga. App. 369, 371 (337 SE2d 27). Defendant's second enumeration of error is not meritorious.

3. During the cross-examination of Mary Jackson, defendant's counsel inquired about the number of drug purchases the witness made for the Georgia Bureau of Investigation (GBI). In so doing, counsel asked the witness how many transactions she told the Georgia Bureau of Investigation about. She described two transactions in which she witnessed the sale of drugs. One such transaction involved the sale by defendant to the witness and the other involved the sale by a person named Don. Counsel continued this line of questioning:

"Q. Okay. Are those the only two times that you say you told the GBI?" The witness responded: "A. That was Don and this fella [defendant] sold the GBI agent some marijuana and some cocaine another time." Thereupon, defendant moved for a mistrial on the ground that the witness' answer was not responsive to the question and that it placed defendant's character in issue. The trial court overruled the motion and admonished the witness to listen more carefully to the questions propounded by defense counsel.

Defendant contends the trial court erred by overruling the motion for mistrial and failing to give curative instructions to the jury. We disagree. In the first place, we think it is clear that the witness' answer was made with reference to Counts 2 and 3 of the indictment not, as defendant contends, unrelated and uncharged incidents. Thus, defendant's character was not improperly placed in issue by the witness. Secondly, the answer was a legitimate response to defense counsel's inquiry. "Although one may legitimately complain about illegal testimony which is not responsive to the question, one cannot take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then demand a mistrial when such answer is given. *Henderson v. State*, 208 Ga. 73, 75 (65 SE2d 175) (1951)." *Felker v. State*, 252 Ga. 351, 377 (314 SE2d 621). Defendant's third enumeration of error is without merit.

4. Defendant contends the trial court erred in admitting three photographs into evidence. One photograph, a picture of defendant taken at the time of his arrest, was admitted into evidence in spite of defendant's objection that it was not "relevant." The other photographs, pictures of defendant's light blue pickup truck, were admitted into evidence over defendant's objection that the prosecution failed to demonstrate that the photographs accurately depicted the truck at the time in question.

"The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. [Cits.]" *Johnson v. State*, 158 Ga. 192, 198 (123 SE 120). In the case sub judice, a prosecution witness testified that the picture of defendant accurately portrayed him at the time of his arrest and that the pictures of defendant's truck were accurate representations of the truck. Given such authentication, we cannot say the trial court abused its discretion by admitting the photographs into evidence. *Mills v. State*, 140 Ga. App. 192 (2) (230 SE2d 317); *Powell v. State*, 105 Ga. App. 614, 615 (2) (125 SE2d 531); Green, Ga. Law of Evid., 202-203, § 86. See also *Heard v. State*, 170 Ga. App. 130, 135-136 (316 SE2d 504). Although the relevance of the evidence may have been doubtful, its weight quite properly was left to the jurors. *Lewis v. State*, 158 Ga. App. 586, 587 (281

SE2d 331).

5. In his fifth enumeration of error, defendant contends the trial court erred in admitting State's Exhibit 2 (plastic bag containing two manila envelopes with drugs and a matchbox) into evidence because the prosecution failed to establish the chain of custody. We disagree. The prosecution carried its burden of establishing a reasonable assurance of the identity of the exhibit. It was not necessary for the prosecution to eliminate every possibility of tampering in order for the exhibit to be admissible. *Painter v. State*, 237 Ga. 30, 33 (226 SE2d 578). Defendant's fifth enumeration of error is without merit.

6. "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he shall finally speak from his recollection thus refreshed or shall be willing to swear positively from the paper." OCGA § 24-9-69. In view of the prosecution witness' averment that he was testifying from his memory refreshed, the trial court did not err in permitting the witness to testify to the tag number on defendant's truck even though the witness refreshed his memory by viewing a computer printout bearing the tag number. *Atlantic Coast Line R. Co. v. Hill*, 12 Ga. App. 392 (6), 397 (77 SE 316). The witness was entitled to have his memory refreshed by a document which he himself did not prepare. *Shrouder v. State*, 121 Ga. 615 (2), 616 (49 SE 702). Defendant's sixth enumeration of error is without merit.

7. The evidence presented at trial was sufficient to enable any rational trier of fact to find the defendant guilty beyond a reasonable doubt of selling marijuana (Count 2) and cocaine (Count 3) to Phillip Ellington. *Smith v. State*, 178 Ga. App. 19 (1) (341 SE2d 901). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Any discrepancies in the testimony of the State's witnesses were for the jury to resolve. *Smith v. State*, 178 Ga. App. 19 (1), supra.

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED FEBRUARY 12, 1987 —
REHEARING DENIED MARCH 20, 1987 —

*Thomas E. Pujadas*, for appellant.
*David E. Perry, District Attorney*, for appellee.