## A94A0333. MORELAND v. THE STATE.
### (443 SE2d 701)

McMURRAY, Presiding Judge.

Defendant was indicted for selling cocaine. On December 3, 1992, the second day of defendant's jury trial, a mistrial was declared. He was retried before another jury the following week. In the State's evidence, undercover agents with the Bibb County Sheriff's Department described the circumstances of a controlled buy. Agent Platt identified defendant as the man who approached Platt's car and accepted $20 in exchange for two small chunks of an off-white powdery substance subsequently identified as crack cocaine. A videotape of the sale and a photographic line-up provided additional identification evidence. Defendant took the stand and raised the defense of alibi, testifying that he had been in Alabama on the day of the alleged sale. Following the denial of his motion for new trial, defendant appeals from the judgment of conviction entered by the trial court on the jury's verdict of guilty. *Held*:

1. In his first enumeration, defendant enumerates the general grounds. "On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the adjudication of guilt is supported by sufficient competent evidence. [Cit.]" *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675). In the case sub judice, the in-court identification of defendant as the seller, corroborated by the contemporaneous videotape of that seller, is sufficient to authorize the jury's finding that defendant is guilty beyond a reasonable doubt of selling crack cocaine as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rauls v. State*, 209 Ga. App. 101, 102 (2) (432 SE2d 677).

2. Defendant's second enumeration complains of the denial of his motion for continuance in order to obtain a transcript from the mistrial the previous week. On December 9, 1992, the morning of his scheduled retrial, defendant filed a written motion repeating an earlier oral request for a copy of the transcript of the first trial and further requesting a continuance in order to obtain that transcript from the court reporter. The trial court denied this motion, concluding that, while defendant would be entitled to a free transcript as an indigent, due to the straightforward nature of the State's case in that re-

cent trial coupled with the availability to the defense of the witnesses and other State's evidence, defendant's bare assertion of the desire to cross-examine and impeach the State's witnesses did not justify a continuance.

On appeal, defendant urges that he has been denied equal protection, relying on *Walker v. State*, 156 Ga. App. 478 (274 SE2d 680). In *Walker*, this court quoted favorably from *Britt v. North Carolina*, 404 U. S. 226 (92 SC 431, 30 LE2d 400) for the proposition that "as a matter of equal protection an indigent defendant must be provided with a transcript of prior proceedings when the transcript is needed for an effective defense or appeal and the court rejected the suggestion that 'counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial.' [Cit.] Further, the defendant did not have to show a particularized need for the transcript of the first trial, since 'it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in the preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.' [Cit.]" *Walker v. State*, 156 Ga. App. 478 (2), 479, supra. Compare *Hammonds v. State*, 157 Ga. App. 393, 394 (2) (277 SE2d 762). However, our Supreme Court has held that a motion for continuance in order to obtain the transcript of an earlier trial is addressed to the sound discretion of the trial court. *Felts v. State*, 244 Ga. 503, 506 (6) (260 SE2d 887). See also OCGA § 17-8-5 (b). "[T]he ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion. [Cits.]" *Burnett v. State*, 240 Ga. 681, 683 (1), 684 (242 SE2d 79).

In the case sub judice, we find no abuse of discretion in the denial of a continuance on the ground that the transcript of the earlier hearing was vital as a discovery device. The defense had pretrial access to the State's file under the standing order of the Bibb County Superior Court and, as the trial court correctly observed, the State's evidence against the lone defendant was straightforward. The sole contested evidentiary issue was that of the identity of the seller. Recognizing the impeachment value of the transcript with regard to the cross-examination of the undercover agent, we find the denial of the continuance to obtain that transcript to be harmless error, if error. When cross-examined about his earlier testimony, Agent Platt explained one apparent inconsistency and admitted making another statement, so that there was nothing to impeach. See *Gann v. State*, 190 Ga. App. 82, 85 (3), 87 (378 SE2d 369). Moreover, judging from the request of the jurors in defendant's trial to view the videotape of the seller again, they gave the greatest weight to the objective photographic evidence while discounting defendant's alibi testimony. Accordingly, in the absence of actual prejudice, the harm alleged from

the inability to cross-examine and impeach the live witness with the transcript of his previous testimony is only speculative. "Where no harm is shown, there is no reversible error. [Cits.]" *Gann v. State*, 190 Ga. App. at 87.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 29, 1994.

*L. Elizabeth Lane*, for appellant.

*Willis B. Sparks III, District Attorney, Kirby H. Wincey, Jr., Assistant District Attorney*, for appellee.