220

appellee.

## 61001. BROOKS v. THE STATE.

CARLEY, Judge.

From a conviction of criminal attempt to commit robbery, appellant brings this appeal. Appellant asserts that the trial court erred in denying his motion for directed verdict of acquittal, such motion being predicated on the alleged insufficiency of the evidence to support the conviction.

From the evidence presented at trial, the jury was authorized to find the following: At the time of the alleged attempted robbery, the victim, his wife and approximately twenty other persons were standing on a street corner waiting for a MARTA bus. When the bus arrived there was a "mass movement to get aboard." Appellant and another man were standing immediately to the right of the bus door. As the victim and his wife reached the bus door, appellant stepped back and allowed the victim's wife to enter the bus. As the victim was about to follow his wife onto the bus, the appellant "literally knocked [the victim] aside" and moved ahead of him. At this point, the "other" man stepped back and permitted the victim to enter the door of the bus. Meanwhile, appellant stopped at the top of the steps and engaged the bus driver in conversation. The victim could not pass appellant and, thus, was wedged between appellant and the "other" man. Upon feeling his back pocket being picked, the victim grabbed his pocket and the hand of the "other" man. Simultaneously, appellant turned from his conversation with the bus driver, shoved his elbow into the victim's head or neck area, and began pushing and cursing the victim and ordering the victim to move aside and to get out of his way. The "other" man broke free of the victim's grip and the victim testified that "the two of them took off up the street."

Appellant argues that the circumstantial evidence in this case is insufficient as a matter of law to sustain his conviction because it fails to exclude every other reasonable hypothesis save that of his guilt. See Code Ann. § 38-109. "However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of

guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]" *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979).

Although the appellant testified to his innocence by explaining that he was merely asking the bus driver for advice as to which bus he should take to get to his work, and that "I just turned around and made a mistake and hit [the victim]," the jury was authorized from the testimony of the victim and the bus driver to believe otherwise. The evidence as to appellant's presence and his conduct before, during and after the attempted robbery were circumstances from which appellant's intentional participation in the crime could be inferred. See *Kimbro v. State,* 152 Ga. App. 893 (264 SE2d 327) (1980).

After a review of the entire record and considering the evidence in the light most favorable to the prosecution, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of the appellant's intentional participation in the attempted robbery beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying appellant's motion for directed verdict of acquittal. *Harper v. State,* 152 Ga. App. 689 (3) (263 SE2d 547) (1979); *Kimbro v. State,* supra.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 26, 1981.

*Gerry Shugart,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Thomas W. Thrash, Assistant District Attorneys,* for appellee.