## 63423. BUTLER v. THE STATE.

DEEN, Presiding Judge.

Butler was convicted of armed robbery, an offense for which he was jointly indicted with one Jewell Germany. Trial severance was granted and Germany failed to testify. The victim Williams testified that he picked up the defendants in answer to a dispatch call, that Germany reached out from the back seat, put a knife to his throat, and demanded all his money; that he handed the money back to

Butler, that Butler took it, jumped into the front seat and "patted my pockets to make sure." At that time the defendant said something which the victim heard as "all I could pinpoint is, 'Cut him down.' I don't know if he was really saying, 'Don't cut him down' or 'I'm going to cut him down.' " The driver jumped from the cab and Germany leapt into the front seat and drove it off. They were captured within 20 minutes and appellant had the victim's money in his pocket. *Held:*

1. The evidence is ample to support the verdict. The jury was not compelled to believe that the defendant was too intoxicated to know what was going on or that he had no part in the robbery. "When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law." *Brooks v. State,* 157 Ga. App. 220 (276 SE2d 890) (1981) citing *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979).

2. The court did not err in charging that the jury should consider with great caution any admission or incriminatory statement of the defendant, should decide the weight of such evidence, and might believe it in part and reject it in part. The defendant admitted that he had been drinking and that he jumped into the front seat and that he took and kept the victim's money. He denied that he threatened him or intended to rob him. An incriminating statement is not confession of guilt but one from which, with other proved facts, guilt may be inferred. *Shellman v. State,* 157 Ga. 788 (2) (122 SE 205) (1924). The instruction was proper.

3. As to intoxication, the court charged: "[V]oluntary drunkenness is not an excuse for a crime . . .[I]ntent to commit a theft is a necessary element . . . if you find that the defendant was so intoxicated at the time that [he] could not form the requisite intent . . . he cannot be found guilty. However . . . voluntary intoxication cannot be an excuse for any criminal act if the condition of a man's mind, when unexcited by alcohol, drugs or narcotics is capable of distinguishing right from wrong . . . and [if] he voluntarily deprives himself of reason by intoxication and commits an offense while in that condition, he is criminally responsible for it. If he has sufficient memory and discretion when not under the influence of alcohol, drugs, or narcotics, and voluntarily deprives himself of reason, he is responsible for his acts while in that condition." Defendant contends the charge was burden-shifting and self-contradictory.

Burden-shifting presumptions are reversible when mandatory rather than permissive; an instruction which allows but does not require the trier of fact to infer an element of the crime from a basic

fact, leaving the question of permissible inference to the jury, is not burden-shifting in this sense. *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979). The jury may determine intent from words, conduct, demeanor, motive, and all other circumstances connected with the act. Code § 26-605. The instruction was in the main approved in *Thomas v. State,* 105 Ga. App. 754 (125 SE2d 679) (1962). "A person shall not be found guilty of a crime when at the time of the act, omission, or negligence constituting the crime, such person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act. Involuntary intoxication means intoxication caused (a) by consumption of a substance through excusable ignorance and (b) by the coercion, fraud, artifice or contrivance of another person. Voluntary intoxication shall not be an excuse for any criminal act or omission." Code § 26-704. While it might be better practice to charge the two code sections above quoted *in toto,* the worst that could be said about the instruction as given was that it leaned too heavily in favor of the defendant. As such, it would at most constitute harmless error. *Pitts v. State,* 128 Ga. App. 827 (4) (198 SE2d 377) (1973). Mere presence, where one is in a comatose condition or otherwise completely unaware of what was going on, is what is meant by being so intoxicated at the time that he could not form the requisite intent but this language is circumscribed by and must be balanced against that of Code § 26-704. The instruction was not error for any reason assigned.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 11, 1982.

*Benjamin Allen,* for appellant.
*Sam Sibley, Jr., District Attorney, John R. Sheppard, Assistant District Attorney,* for appellee.