### 39977. BROOKS v. THE STATE.

WELTNER, Justice.

William Henry Brooks shot and killed his common-law wife with a rifle. He was convicted of murder and was sentenced to life imprisonment. The sole enumeration of error relates to effective assistance of counsel.

This appeal is the second appearance of this case in our court. The circumstances of the case are set out fully in *Brooks v. State,* 249 Ga. 583 (292 SE2d 694) (1982), wherein Brooks' murder conviction was reversed for failure of the trial court to charge the jury on voluntary manslaughter. 249 Ga. at 586.

Brooks was represented at the second trial (which is the subject of this appeal) by the same counsel who represented him at the first trial. When the case was called for trial, he moved for a continuance

on the ground that he was unprepared. In overruling the motion, the trial court noted that counsel had tried the case initially, had prevailed on appeal, and was aware that the case was scheduled for trial.

During the second trial, Brooks' counsel cross-examined the state's witnesses, made objections to evidence, called nine witnesses including Brooks, and made opening and closing arguments. Although Brooks alleges that his counsel failed to subpoena a psychiatrist who could have testified in support of Brooks' insanity defense, the record includes 65 pages of medical records concerning his mental condition.

The standard for effective assistance of counsel is not "errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). The enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*John O. Wiggins,* for appellant.

*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.