68074. EDWARDS v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and was found guilty of burglary. He appeals from the conviction and sentence entered on the guilty verdict.

1. Appellant asserts that the trial court erred in allowing the investigating officer and the prosecutrix to remain in the courtroom and later to testify at trial after appellant had invoked the rule of sequestration. The evidence shows that the District Attorney requested that both witnesses be allowed to remain in the courtroom "in order to assist the State's counsel in the presentation of its case." The prosecutrix was the first witness to testify at trial, and she was immediately followed by the investigating officer. The investigating officer was again called to the stand after the third witness for the State had testified.

" 'While [OCGA § 24-9-61] seems to confer upon either party the right to have the witnesses of the other examined out of the hearing of each other, and directs that the court shall take proper care to effect this object so far as practicable and convenient, yet [our courts have] ruled that this matter is within the discretion of the trial judge, and [have] refused to reverse a ruling permitting one or more of the witnesses for the respective parties to remain to assist counsel in the trial of the case.' [Cits.]" *Dye v. State*, 220 Ga. 113, 114-115 (137 SE2d 465) (1964). See also *Jefferson v. State*, 159 Ga. App. 740 (1) (285 SE2d 213) (1981). The trial court may, in its discretion, permit the prosecutrix in the indictment to remain in the courtroom to assist in the trial of the case, even though she may be used as a witness. *Norman v. State*, 121 Ga. App. 753 (175 SE2d 119) (1970); *Jefferson v. State*, supra. Likewise, the trial court may also exercise its discretion to permit the investigating officer to remain at the counsel table and to testify at trial. *Simonton v. State*, 151 Ga. App. 431, 432 (260 SE2d 487) (1979). We find no abuse of the trial court's discretion in the instant case in exempting both the prosecutrix and the investigating officer from the rule of sequestration. See generally *Toole v. State*, 146 Ga. App. 305, 307 (6) (246 SE2d 338) (1978).

2. Appellant contends that the trial court improperly allowed the District Attorney to propound the statutory questions to the prospective jurors. At trial, however, appellant made no objection to the court's actions. Whenever improper conduct allegedly occurs in the presence of the jury, " 'it is necessary, in order to make the same a basis for review, that . . . counsel make proper objection to it at the time made or invoke some ruling or instruction from the court . . . and if the court refuses to grant that remedy to the movant, then it is incumbent upon him to ask the court to declare a mistrial.' 'A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cits.]" *Scott v. State*, 229 Ga. 541, 547 (6) (192 SE2d 367) (1972). This enumeration presents nothing for review on appeal.

3. Appellant enumerates as error the trial court's charge to the jury on incriminating statements by a defendant. Appellant contends

that the statement he made to the police following his arrest was not incriminating, and therefore such a charge was not supported by the evidence. The evidence shows that immediately subsequent to his arrest, appellant admitted that he had entered the victim's home, but he denied removing any property.

"An incriminatory statement is one which tends to establish the guilt of the accused, or one from which, with other proved facts, his guilt may be inferred, or one which tends to disprove some defense set up by the accused. 'An admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged, and not amounting to a confession of guilt.' [Cit.] So an acknowledgment of his presence at the scene of the crime by the defendant, while not a confession, is an incriminatory circumstance. [Cit.]" (Emphasis supplied.) *Shellman v. State*, 157 Ga. 788, 792 (2) (122 SE 205) (1924).

Under the indictment charging appellant with burglary, appellant's admission that he had entered the victim's home at the time in question constituted an incriminating statement, and the trial court's charge on the subject of incriminating statements was not error. See generally *Tumlin v. State*, 88 Ga. App. 713, 714 (2) (77 SE2d 555) (1953); *Butler v. State*, 161 Ga. App. 251, 252 (2) (288 SE2d 306) (1982).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 20, 1984.

*Edward C. Parker*, for appellant.
*J. Brown Moseley, District Attorney, William F. Riley, Jr., Assistant District Attorney*, for appellee.