71090, 71161. JORDAN v. THE STATE (two cases).

(340 SE2d 269)

Sognier, Judge.

*Case No. 71090*

Appellant was convicted of one violation of the Georgia Controlled Substances Act by possessing, selling and delivering cocaine and appeals.

1. Appellant contends the evidence is not sufficient to sustain the conviction. The evidence disclosed that Mike Huerta, an undercover agent with the Unified Drug Enforcement Agency, went to appellant's home and purchased cocaine from Ben Sanchez, a co-defendant. Although Sanchez actually measured the cocaine, gave it to Huerta, and received the money, appellant was present during the transaction. She got a mirror for Sanchez, at his request, to use to measure the cocaine. When Sanchez said the price would be $1,800 an ounce, Huerta said he had been informed it would be $1,600, and Sanchez stated that $1,600 was appellant's price. Appellant also made a voluntary statement to the police after her arrest and after being warned fully of her rights. In her statement she told the police she received one-half gram of cocaine for her part in the deal.

Appellant argues that Huerta was equivocal in his identification of the cocaine, but he identified State Exhibit 1 positively as the cocaine he purchased from appellant and Sanchez. Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by allowing the State to introduce evidence of uncharged misconduct. Appellant made no objection to such evidence (elicited through cross-examination of a defense witness), and it is well settled that this court will not consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

3. Appellant contends the trial court erred by failing to charge the jury on the law of "uncharged offenses" and the law of entrapment. Appellant made no request to charge on these issues and when the trial court asked if there were any exceptions to the charge, appellant's counsel stated there were none. Thus, appellant waived her right to assert error as to the charge. *Zant v. Akins*, 250 Ga. 5, 6-7 (2) (295 SE2d 313) (1982); *Henry v. State*, 176 Ga. App. 462, 464 (5) (336 SE2d 588) (1985).

4. Lastly, appellant contends that because her counsel did not make objections to the evidence of similar transactions and uncharged misconduct referred to in Division 2, and did not request the instructions referred to in Division 3, appellant was denied effective

assistance of counsel. This contention is without merit.

We have examined the entire transcript and conclude that the omissions enumerated by appellant are insufficient to illustrate ineffective assistance of counsel. There were no valid objections to be made to the evidence of a similar transaction and the evidence of uncharged misconduct (possession of a sawed-off shotgun, which appellant voluntarily told the police in her statement). An instruction on entrapment was not warranted, as appellant denied participating in the sale of cocaine, and in order to raise the defense of entrapment, a defendant must admit commission of the crime, but state that he/she did so because of unlawful solicitation or inducement by a law enforcement agent. *Carter v. State*, 140 Ga. App. 208 (1) (230 SE2d 357) (1976).

While an instruction on evidence of a similar transaction limiting its use to showing appellant's course of conduct may have been appropriate, we find the failure to request such an instruction harmless under the circumstances of this case. At the time such evidence was introduced the State had already presented conclusive evidence that appellant participated in the sale of cocaine, as charged. Thus, it is highly probable that the failure to give a limiting instruction, even if appropriate, did not contribute to the verdict in this case. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

Appellant's counsel conducted thorough and appropriate cross-examination, made a motion for a directed verdict of acquittal at the conclusion of the State's case, and presented extensive evidence on behalf of appellant, including her own testimony. After examining appellant's contentions we conclude that although another lawyer may have conducted the trial differently, this does not mean that appellant did not receive a vigorous and complete defense. *Harrell v. State*, 139 Ga. App. 556, 558 (2) (228 SE2d 723) (1976). See also *Lewis v. State*, 246 Ga. 101, 105 (3) (268 SE2d 915) (1980).

### Case No. 71161

5. In Case No. 71161 appellant appealed the denial of supersedeas bond pending appeal. This court acted previously on this appeal by remanding the case to the trial court for proceedings in accordance with *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976). The record was thereafter supplemented and based on the additional material furnished this court, we found that the original proceedings were in accordance with *Birge*, and by order dated September 11, 1985 affirmed the trial court's judgment denying appellant's motion for supersedeas bond. Accordingly, there is no further action to be taken on this appeal.

*Judgment affirmed in Case No. 71090. Birdsong, P. J., and Carley, J., concur.*

Decided February 3, 1986.

*Ross M. Goddard, Jr.*, for appellant.

*Robert Mumford, District Attorney, William F. Todd, Jr., Assistant District Attorney*, for appellee.