## 72040. NEFF v. THE STATE.
### (344 SE2d 740)

McMurray, Presiding Judge.

Defendant was convicted by a jury of being a "peeping Tom." He appeals, enumerating error upon the general grounds and the trial court's refusal to continue the trial of the case. *Held*:

1. Viewing the evidence in favor of the jury's verdict, *Webb v. State*, 170 Ga. App. 115 (316 SE2d 561), we find the following: An eyewitness saw a man looking into several windows of a house. It was early in the morning and the house was occupied by two teenage girls. A second witness observed a man peeping into her bedroom windows and she chased him to a nearby house. The police were summoned and both witnesses described the man and his clothing. After the witnesses pointed out the house to which the man ran, the police went to his door.

Defendant came to the door of the house. He was wearing clothes which matched the description given to the police. The witnesses positively identified defendant as the "peeping Tom" they saw on the morning in question.

Based on this evidence, any rational trier of fact could have found defendant guilty of being a "peeping Tom" beyond a reasonable doubt. *Banks v. State*, 178 Ga. App. 54 (341 SE2d 859). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The defense presented two witnesses, defendant's wife and defendant himself. After defendant's wife testified, the following transpired: "[Defense Counsel]: Your Honor, some of my character witnesses are at Fort Benning and are unable to come at this time, but if Your Honor would grant us a recess 'til tomorrow morning . . . THE COURT: No, Mr. [Defense Counsel]. You know the history of this case. I'm not delaying this case for any reason. Proceed with the trial. [Defense Counsel]: Okay, Your Honor. I'll call [defendant] to the stand." Defendant contends the trial court erred in refusing to grant his request for a continuance. We disagree.

"A motion for continuance based on absence of a witness is addressed to the sound discretion of the trial judge and an appellate court will not interfere unless it is clearly shown it has abused its discretion. *Alderman v. State*, 241 Ga. 496 (2) (246 SE2d 642)." *Grimes v. State*, 168 Ga. App. 372, 377 (6) (308 SE2d 863). We find no abuse of discretion in this case. Defendant failed to make a showing of the requirements set forth in OCGA § 17-8-25. Moreover, it appears that the evidence sought did not go the merits of his defense. See in this connection *Ward v. State*, 165 Ga. App. 163, 165 (300 SE2d 528), and *Chatfield·v. State*, 10 Ga. App. 40, 41 (72 SE 513).

Any harm to defendant resulting from the denial of his motion for continuance is speculative at best. See *Wilcoxen v. State*, 162 Ga.

App. 800, 802 (292 SE2d 905). The trial court did not err in denying the motion.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED APRIL 17, 1986.

*John D. Allen, Pedro Quezada*, for appellant.

*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.