## 73221. HUNTER v. THE STATE.
(349 SE2d 773)

BANKE, Chief Judge.

The defendant appeals his conviction of selling marijuana in violation of the Controlled Substances Act. During the trial, the state presented evidence that he had told the arresting officer, "I have sold dope to people before, but I don't remember selling it to the GBI man." The defendant contends that this evidence should not have been admitted because it placed his character in evidence. *Held*:

"An incriminatory statement is one which tends to establish the guilt of the accused, or one from which, with other proved facts, his guilt may be inferred, or one which tends to disprove some defense set up by the accused. 'An admission, as applied to criminal cases, is the avowal of a fact or of circumstances from which guilt *may* be inferred, but only *tending* to prove the offense charged, and not amounting to a confession of guilt.' [Cit.]" *Shellman v. State*, 157 Ga. 788, 792 (122 SE 205) (1924). See also *Edwards v. State*, 171 Ga. App. 264 (3) (319 SE2d 101) (1984); *Fowler v. State*, 171 Ga. App. 491 (5b) (320 SE2d 219) (1984). The statement in this case was clearly a rele-

vant incriminatory admission by the defendant. "Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue." *Hudson v. State*, 237 Ga. 443, 444 (228 SE2d 834) (1976).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1986 —
REHEARING DENIED OCTOBER 8, 1986

*Edward H. Lindsey, Jr.*, for appellant.

*Michael H. Crawford, District Attorney, E. J. McCollum, Assistant District Attorney*, for appellee.