72644. JONES v. THE STATE.
(350 SE2d 309)

CARLEY, Judge.

Appellant was indicted for rape, aggravated sodomy and simple battery. He was tried before a jury and found guilty of rape and simple battery but not guilty of aggravated sodomy. Having been granted leave to pursue an out-of-time appeal from his convictions and sentences through appointed appellate counsel different from his trial counsel, he enumerates as error only the asserted ineffective assistance of his trial counsel.

"The standard for effective assistance of counsel is not 'errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.' [Cit.]" *Brooks v. State*, 251 Ga. 390, 391 (306 SE2d 640)

(1983). "To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.]" *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985). " 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Cit.] In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Cit.] 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Cit.] The complaining defendant must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' [Cit.]" *Ford v. State*, 255 Ga. 81, 85 (335 SE2d 567) (1985).

With regard to the "performance component," "[e]rrors of judgment and tactical errors do not constitute denial of effective assistance of counsel. [Cit.]" *Cherry v. State*, 178 Ga. App. 483, 484 (343 SE2d 510) (1986). "After examining appellant's contentions we conclude that although another lawyer may have conducted the trial differently, this does not mean that appellant did not receive a vigorous and complete defense. [Cits.]" *Jordan v. State*, 177 Ga. App. 637, 638 (340 SE2d 269) (1986). In fact, appellant was acquitted for one of the serious crimes for which he was being tried. See generally *Bishop v. State*, 155 Ga. App. 611, 614 (2a) (271 SE2d 743) (1980). "Thus, we conclude after a careful review of the record, together with evidence presented on this issue at a post-trial hearing, that the alleged acts or omissions [of appellant's trial counsel] did not constitute ineffective assistance of counsel. [Cit.]" *Cherry v. State*, supra at 484. With regard to the "prejudice component," appellant has likewise "failed to prove that a reasonable possibility existed that the attorney's alleged ineffectiveness prejudiced the outcome of the case." *Brogdon v. State*, supra at 68. Appellant has "shown [no] reasonable probability that the outcome of the proceedings would have been different had trial counsel [conducted the defense in the manner] now urged by appellate counsel[.]" *Gabler v. State*, 177 Ga. App. 3, 6 (338 SE2d 469) (1985). "[O]ur observation of the transcript does not reflect any flagrant violations of any substantive rights belonging to [appellant]. Counsel afforded an appropriate defense. . . . ." *Waites v. State*, 178

Ga. App. 333, 334 (2) (343 SE2d 115) (1986).
*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1986.

*Henry E. Williams*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.