## 73446. RHINEHART v. THE STATE.
### (352 SE2d 823)

CARLEY, Judge.

Appellant was tried on an indictment charging him with one count of statutory rape and one count of child molestation. The jury found appellant guilty as to both counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts and from the trial court's denial of his motion for a new trial.

1. The general grounds are enumerated with regard to the crime of statutory rape. Appellant's specific contention is that the evidence adduced by the State failed to show penetration.

"In a rape case, penetration may be proved by indirect or circumstantial evidence. [Cits.]" *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974). "Even slight penetration will sustain a conviction. . . . [Cit.]" *McCulligh v. State*, 169 Ga. App. 717, 719 (3) (314 SE2d 724) (1984). Here the evidence clearly supported a finding that some degree of penetration had occurred. See generally *Holt v. State*, 147 Ga. App. 186 (1) (248 SE2d 223) (1978). After a review of the entire record, we find that a rational trior of fact could reasonably have found appellant guilty, beyond a reasonable doubt, of the crime of statutory rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant moved for a continuance in order to secure the presence of a witness for the defense. The trial court's denial of the motion is enumerated as error.

" 'A motion for continuance based on absence of a witness is addressed to the sound discretion of the trial judge and an appellate court will not interfere unless it is clearly shown it has abused its discretion. [Cit.]' [Cit.]" *Neff v. State*, 178 Ga. App. 777 (2) (344 SE2d 740) (1986). In the instant case, appellant failed to make the showing required by OCGA § 17-8-25. Moreover, it is apparent that the evidence that appellant sought to elicit from the absent witness was available from other sources. The trial court did not err in denying appellant's motion.

3. The trial court's failure to grant appellant's motion for new trial on the ground that he was afforded ineffective assistance by his trial counsel is enumerated as error.

" ' "The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." [Cit.] In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) "that counsel's performance was deficient," i.e., that counsel's performance was not reasonable under all the circumstances, and (2) "that this deficient performance prejudiced the defense," i.e., that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Cit.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Cit.] The complaining defendant must make both showings. His failure "to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim." [Cit.]' [Cit.]" *Jones v. State*, 180 Ga. App. 706, 707 (350 SE2d 309) (1986).

With regard to the "performance component" in the instant case, the alleged acts or omissions of appellant's trial counsel did not constitute ineffective assistance. "[A]lthough another lawyer may have conducted the trial differently, this does not mean that appellant did not receive a vigorous and complete defense. [Cits.]" *Jordan v. State*, 177 Ga. App. 637, 638 (4) (340 SE2d 269) (1986). With regard to the "prejudice component," appellant has " 'failed to prove that a reasonable possibility existed that the attorney's alleged ineffectiveness prejudiced the outcome of the case.' [Cit.] Appellant has 'shown [no] reasonable probability that the outcome of the proceedings would have been different had trial counsel [conducted the defense in the manner] now urged by appellate counsel[.]' [Cit.]" *Jones v. State*, supra, 707. There was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1987. .

*Robert J. Evans*, for appellant.
*Stephen F. Lanier, District Attorney, Henry H. Chambers, Jr., Assistant District Attorney*, for appellee.