## 77270. CARSNER v. THE STATE.
(378 SE2d 181)

Pope, Judge.

Defendant Ted Lewis Carsner appeals from his convictions and sentences for the offenses of kidnapping and aggravated assault. On appeal he argues that the trial court impermissibly limited his right of cross-examination in that it did not allow him to ask a witness for the State certain questions concerning the effect of alcohol and a prescription anti-depressant on the defendant's ability to distinguish between right and wrong and on the defendant's ability to form the necessary intent to commit the crime.

The State's witness, Dr. Marilyn Campbell, a psychological forensic specialist, testified defendant knew the difference between right and wrong and was not insane at the time of the incidents forming the charges on which he was tried. Dr. Campbell's testimony was based, inter alia, on defendant's description of the events of that day, including the fact that defendant had ingested both intoxicating liquors and a prescription anti-depressant medication.

On cross-examination defense counsel continued to question Dr. Campbell on the effect of alcohol and drugs on the mental state of the defendant. Dr. Campbell reiterated that defendant knew the difference between right and wrong. Dr. Campbell further stated, "A person who is intoxicated, whether it's from alcohol or alcohol and pills, is not insane."

Defendant then attempted to question Dr. Campbell on the effect of alcohol and drugs on the defendant's ability to form the intent to commit the crimes charged. The trial court disallowed the questioning and stated to counsel that voluntary intoxication is not a defense to a crime.

"OCGA § 16-3-4 limits the reach of OCGA § 16-3-2 so that the inability to distinguish between right and wrong is *not* a defense if the inability is a consequence of voluntary intoxication (but remains a defense if the inability is a consequence of *in*voluntary intoxication.) Neither code section speaks of an inability *to form an intent* to commit the act. Persons are not excused from criminal liability under either of these code sections because they are incapable of forming criminal intent. . . . Lack of intent is a defense, but it is not implicated by either OCGA § 16-3-2 or OCGA § 16-3-4." *Foster v. State*, 258 Ga. 736, 744 (374 SE2d 188) (1988).

Whether or not one has the requisite intent to commit a crime is a question for the jury. We have previously held that "[m]ere presence, where one is in a comatose condition or otherwise completely unaware of what was going on, is what is meant by being so intoxicated at the time that [a defendant] could not form the requisite intent. . . ." *Butler v. State*, 161 Ga. App. 251, 253 (288 SE2d 306)

(1982). Although evidence that defendant was unconscious or comatose, for whatever reason, would be relevant to the issue of intent, such was not the case here. Consequently, under the facts of the case at bar, the trial court did not impermissibly restrict defense counsel's cross-examination of the State's witness.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 1, 1989.

*Smalley, Cogburn & Flynt, Thomas E. Baynham III,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney,* for appellee.