## A90A2033. MILLS v. THE STATE.
### (402 SE2d 123)

COOPER, Judge.

Appellant was charged in a five-count indictment with entering an automobile with intent to commit theft, theft by taking, misdemeanor obstruction of an officer, driving under the influence of alcohol and driving with a suspended license. He was convicted by a jury

on all counts and appeals from the denial of his motion for new trial.

The charges against appellant arise out of events which occurred late one night while appellant was heavily intoxicated. The evidence adduced at trial further reflects that appellant lived at a trailer park where most of the State's witnesses also lived. One witness testified that after hearing a rattling noise outside her trailer she looked out her window and saw appellant getting out of a truck belonging to her neighbor, Bobby Bass, with several things in his hand. She observed the man climb into the bed of the truck and take more things before getting out of the truck and starting across the street. She immediately called Bass and told him what she saw. Bass testified that after receiving that call, he ran outside and saw a man coming out of the back of his truck carrying some property belonging to Bass. Bass ran toward the man and told him to stop; however, the man ran away. Another witness testified that she saw appellant sitting in a red Ford Escort in a driveway trying to start the car and later observed the same man in the car which was then in the middle of the street. As the police approached the car, the man got out of the car and ran away. The owner of the red Ford Escort testified that she was awakened by noise outside, and when she looked out, she saw her car in the middle of the street. She also testified that she had not given appellant permission to enter her car. The arresting officer testified that he responded to a call that someone was entering a vehicle at the trailer park. After talking to the complainant, he rode in his patrol car to search for the suspect. He observed a red Ford Escort backing out of a driveway. When he turned his spotlight on the car, appellant got out of the car and ran away, but the officer was able to apprehend appellant after he ran into a tree. All of the State's witnesses identified appellant as the man they observed on the night of the theft, and each also testified that appellant appeared to be intoxicated. Appellant testified that he had been drinking beer with a friend from about 1:30 p.m. until about 6:30 p.m.; that subsequently he and the friend began playing a drinking game with tequila; that he was not forced to play the drinking game during which he consumed most of the bottle of tequila; that he remembered waking up at his friend's trailer later that night and falling out of the trailer while attempting to go home; but that he had no memory of any of the events which occurred later that night.

1. Appellant first contends that the trial court erred in denying his motion for a continuance. On the morning of trial, appellant's counsel orally moved for a continuance on the ground that one of appellant's witnesses was not present. The trial court denied the motion, finding that the motion was not in writing and did not name the witness and when he or she would be available. We find no error with the trial court's ruling. OCGA § 17-8-25 provides: "In all applications

for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial . . . that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness." Appellant having failed to make the required showing under OCGA § 17-8-25, we find no abuse of the trial court's discretion in denying appellant's motion. *Rhinehart v. State*, 181 Ga. App. 507 (2) (352 SE2d 823) (1987).

2. Appellant next contends that the trial court erred in denying his motion for directed verdict of acquittal on the ground that the State failed to prove intent, an essential element of the crimes of entering an automobile and theft by taking. OCGA § 16-3-4 provides that "[v]oluntary intoxication shall not be an excuse for any criminal act or omission." "Persons are not excused from criminal liability under [OCGA § 16-3-4] because they are incapable of forming criminal intent. . . . Lack of intent is a defense, but it is not implicated by [OCGA § 16-3-4]." *Foster v. State*, 258 Ga. 736, 744 (10) (374 SE2d 188) (1988). "Whether or not one has the requisite intent to commit a crime is a question for the jury." *Carsner v. State*, 190 Ga. App. 141 (378 SE2d 181) (1989). The prosecution presented sufficient evidence from which the jury could have found that appellant had the requisite intent to commit the offenses charged. " 'It is not error to refuse to direct a verdict when, "viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Cits.]' " *Rautenberg v. State*, 178 Ga. App. 165, 167 (1) (342 SE2d 355) (1986). Accordingly, we find no error with the trial court's denial of appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Karen A. Robinson*, for appellant.
*Robert E. Keller*, District Attorney, *Tracy G. Gladden*, Assistant District Attorney, for appellee.