A92A0745, A92A0746. GRIFFIN v. THE STATE (two cases).
(419 SE2d 115)

SOGNIER, Chief Judge.

David Griffin was convicted in a bench trial of intimidating a witness and theft by snatching. He appeals from the trial court's denial of his motion for a new trial.

1. In Case No. A92A0746, appellant contends in his sole enumeration that the trial court erred by denying his motion for a new trial as to the theft by snatching charge. The basis of his motion was that the evidence adduced by the State was insufficient to rebut his defense that because of his voluntary intoxication he was unable to know or understand what he was doing when he committed the crime. At trial, the victim testified that appellant approached her in her yard and demanded she give her pocketbook to him. When the victim refused, appellant grabbed the purse, dragged the victim behind him a few steps after she fell while still holding on to the handbag, then ran around a corner after the victim released the bag. A neighbor heard the victim's cries and chased appellant across the yard, over a street, and into a lane where appellant had stashed a bicycle. The neighbor testified appellant was getting on the bicycle when the neighbor physically removed him from the bike and held him until the police arrived. The neighbor testified that appellant asked him to let him go because he had to go to work and make some money. The victim's son, who was acquainted with appellant, testified that when he spoke to appellant a few minutes after the snatching, appellant apologized to him for hurting his mother. The investigating officer testified that appellant claimed he had no memory of the incident because the medication he was taking had caused him to black out.

The victim testified she did not smell any alcohol about appellant's person and that he did not appear to have lost control of his actions when he was taking her purse from her. The victim's son testified that while standing three feet from appellant, he could tell that appellant's eyes were not bloodshot, that he did not smell alcohol on appellant's breath, and that appellant's speech was not unusually slurred. The neighbor who chased appellant testified that appellant was drunk and seemed "out of it." Appellant testified that he had

voluntarily consumed such a large amount of alcohol that he could not remember the events surrounding the snatching.

"[I]n the case of voluntary intoxication, the issue is whether the actor was so intoxicated 'as to render whatever acts he may have committed . . . "unintentional." "(I)f the intention to commit the act in controversy is present, intoxication is no excuse . . . [.]" [Cit.] Thus unless the actor was so intoxicated as to be unable to know, understand and intend to do the act, it cannot be said that his act was not intentional.' [Cit.]" *Wayne v. State,* 184 Ga. App. 160, 161 (1) (361 SE2d 39) (1987). "Whether or not one has the requisite intent to commit a crime is a question for the jury. We have previously held that '(m)ere presence, where one is in a comatose condition or otherwise completely unaware of what was going on, is what is meant by being so intoxicated at the time that (a defendant) could not form the requisite intent. . . .' [Cit.]" *Carsner v. State,* 190 Ga. App. 141-142 (378 SE2d 181) (1989). Given the evidence above regarding appellant's physical exertions, the lucid statements he made, and his contriteness over the injuries he inflicted on the victim, we find that the State presented sufficient evidence from which the trial court, sitting as the finder of fact, could have determined that appellant intentionally committed the theft by taking. See *Mills v. State,* 198 Ga. App. 527, 529 (2) (402 SE2d 123) (1991). Thus, we find the evidence sufficient to authorize the factfinder to conclude beyond a reasonable doubt that appellant was guilty of the charged crime under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Tolbert v. State,* 180 Ga. App. 703-704 (1) (350 SE2d 51) (1986).

2. In Case No. A92A0745, appellant failed to file a brief and enumeration of error after having been so ordered by this Court. While failure to comply may be cause for dismissal of the appeal (see Court of Appeals Rule 14 (a)), out of an abundance of caution, see *McIntosh v. State,* 188 Ga. App. 387, 388 (373 SE2d 858) (1988), we have reviewed the record on appeal and have determined that it appears to duplicate his appeal in Case No. A92A0746. However, since the other appeal addressed solely appellant's conviction for theft by taking, for purposes of the instant appeal we have reviewed the transcript of appellant's trial as to the intimidation of a witness charge, OCGA § 16-10-93, and have reviewed the testimony of that witness (the neighbor who chased appellant) regarding the threats made to him by appellant to discourage the witness from testifying at appellant's theft by taking trial. We conclude that there was sufficient evidence presented by the State on the intimidation of a witness charge to authorize the factfinder to find appellant guilty beyond a reasonable doubt of that charge under the standard set forth in *Jackson v. Virginia,* supra. See *Watson v. State,* 176 Ga. App. 610 (1) (337 SE2d 54) (1985).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 18, 1992.

*William S.* Lewis, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney,* for appellee.