## A03A0050. BURDETTE v. THE STATE.
(576 SE2d 47)

BLACKBURN, Chief Judge.

Following his conviction by a jury of three acts of family violence battery, Curtis Wayne Burdette appeals, arguing that the trial court erred: (1) in failing to charge the jury on accident; (2) in allowing the State to refer to his pre-arrest silence and his failure to come forward and give the police his side of the story; (3) in sustaining the State's objection to his cross-examination of the victim; (4) in admitting the victim's written statement into evidence; and (5) in allowing the victim's written statement to serve as a "continuing witness." For the reasons set forth below, we affirm.

1. In his first enumeration of error, Burdette claims that the trial court erred in failing to charge the jury on accident, absent a written request to do so, because the defense of accident was reasonably raised by the evidence and was the sole defense as disclosed by the evidence. This contention is without merit.

> It has long been held in this state that where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial.

(Punctuation omitted.) *Griffin v. State.*[1] However, our review of the transcript indicates that Burdette requested that the trial court charge the jury on self-defense and that the trial court did so. Thus, since accident was not the only defense on which Burdette relied, the trial court was not required to instruct the jury on accident in the absence of a request to do so.

Our review of the trial transcript also reveals "that no such charge [on accident] was requested, and no objection was made about the failure to give such a charge. Indeed, [Burdette's] counsel responded to the trial judge that he had no exceptions to the charge or requests for additional charges. Under the circumstances any complaint about the charge not given was waived." *Mantooth v. State.*[2]

2. Burdette next complains that the trial court erred by allowing the State to refer to his pre-arrest silence and his failure to come for-

---

[1] *Griffin v. State*, 154 Ga. App. 261, 264-265 (3) (267 SE2d 867) (1980).
[2] *Mantooth v. State*, 197 Ga. App. 797, 799 (4) (399 SE2d 505) (1990).

ward and give the police his side of the story. "In *Mallory v. State*,[3] [our Supreme Court] held that the state may not comment on either a defendant's silence prior to arrest or failure to come forward voluntarily, even when the defendant chooses to testify at trial." *Landers v. State*.[4] In this case, "[h]owever, this error was not preserved for appellate review because trial counsel did not object to the prosecutor's questions or argument." Id.

3. Burdette asserts that the trial court erred in preventing him from asking the victim, on cross-examination, whether he had intended to burn her with a cigarette. We find no reversible error.

"Although a defendant is entitled to a thorough and sifting cross-examination of a witness, OCGA § 24-9-64, the scope of such examination is within the sound discretion of the trial judge. This discretion will not be disturbed by an appellate court unless manifestly abused." (Citation and punctuation omitted.) *Willett v. State*.[5]

On cross-examination, Burdette questioned the victim as follows: "Q. Ms. Lummus, you said that you received a cigarette burn during this altercation? A. Yes. Q. And how did that happen? Was it intentional on Mr. Burdette's part?" At this point the State objected on the grounds that the question called for a legal conclusion on the part of the witness and invaded the province of the jury. The trial court sustained the objection.

We find no error on the part of the trial court. It is well established that "[w]hether or not one has the requisite intent to commit a crime is a question for the jury." *Carsner v. State*.[6]

Beyond that, the transcript indicates that defense counsel rephrased his questions, and the witness did in fact explain how she had been burned, admitting that she was the only one smoking, that the cigarette had never left her hand, and that both she and Burdette had been burned when her hand collided with Burdette's hand. Thus, even if the trial court had erred in sustaining the objection, under these circumstances, any restriction of Burdette's cross-examination of the victim was rendered harmless by his opportunity for further cross-examination through a different line of questioning. *Yebra v. State*.[7]

4. In his fourth enumeration of error, Burdette argues that the trial court erred in admitting the victim's statement into evidence, and in his fifth enumeration of error, he maintains that the trial court erred in allowing the victim's written statement to serve as a

---

[3] *Mallory v. State*, 261 Ga. 625, 630 (409 SE2d 839) (1991).
[4] *Landers v. State*, 270 Ga. 189, 190-191 (2) (508 SE2d 637) (1998).
[5] *Willett v. State*, 223 Ga. App. 866, 875 (4) (479 SE2d 132) (1996).
[6] *Carsner v. State*, 190 Ga. App. 141 (378 SE2d 181) (1989).
[7] *Yebra v. State*, 206 Ga. App. 12, 14 (2) (424 SE2d 318) (1992).

"continuing witness." With respect to admission of the victim's statement into evidence, Burdette failed to object and thus waived any error. *Moore v. State.*[8] "To the extent that [Burdette] also attempts to assert a 'continuing witness' objection with regard to the admission of the [victim's statement], such was not raised at trial and is thus waived." *Evans v. State.*[9]

Judgment affirmed. *Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 23, 2002.

*Steven E. Lister*, for appellant.
*Keith C. Martin, Solicitor-General, Linda T. Day, Assistant Solicitor-General*, for appellee.

